**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DALVONTREA BAKER,

    Plaintiff,

v.                                                                 Case No. 8:25-cv-2649-JLB-CPT

DAVID FALCON RUDD, *et al.*,

    Defendants.

_____/

## ORDER

Plaintiff Dalvontrea Baker has filed a "Motion for Relief from a Judgment or Order" (Doc. 7) under Federal Rule of Civil Procedure 60(b)(6). Plaintiff moves for relief from the Court's December 11, 2025 dismissal of his 42 U.S.C. § 1983 complaint for failure to prosecute. (Doc. 6). The Court has neglected to find any reason under the applicable legal standards to reconsider its dismissal of Plaintiff's complaint. The motion is therefore denied.

### Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to reconsider an order on the grounds of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void. Fed. R. Civ. P. 60(b). The rule also contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A district

1

court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b), and it should balance the need for substantial justice against the sanctity of final judgments. *See Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). A Rule 60 motion "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted).

## Discussion

Plaintiff generally complains that due to limited access to the prison law library and the Veterans Day and Thanksgiving holidays, he was unable to complete and return the service forms in a timely manner. Neither of Plaintiff's arguments compels the Court to reconsider the dismissal of Plaintiff's complaint.

Plaintiff only needed to read, sign, and return the service forms to prison officials. Thus, the use of the prison law library was unnecessary. And even if Plaintiff needed access to the law library, he concedes that he had access before his deadline to return the service forms had expired. (Doc. 7 at 4, ¶7). Finally, if Plaintiff needed additional time to complete the forms, he could have moved the Court for an extension of the deadline before it expired. He did not do so.

## Conclusion

Plaintiff has not demonstrated the existence of any ground for this Court to reconsider its dismissal of his complaint. Therefore, his 60(b)(6) motion (Doc. 7) is **DENIED**.

DONE and ORDERED in Tampa, Florida, on March 3, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3